# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT ANTHONY NEUZIL,<br><br>Defendant. | No. 09-CR-2020-LRR<br><br>ORDER FOR PRETRIAL DETENTION |

On the 10th day of July, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Rebecca Goodgame Ebinger. The Defendant appeared personally and was represented by his attorney, JoAnne Lilledahl.

## RELEVANT FACTS

On July 10, 2009, Defendant Robert Anthony Neuzil was charged by Indictment (Docket No. 2) with interstate stalking. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on September 8, 2009.

Special Agent Timothy Hunt of the Bureau of Alcohol, Tobacco and Firearms (ATF) testified regarding the circumstances underlying the instant charge. On April 9, 2009, Defendant's estranged wife (referred to by her initials, J.E.[1]) called law enforcement officials in Winneshiek County, Iowa, and reported that she believed Defendant was heading toward her home in Minnesota with an intent to kill her. Defendant and J.E. were married in 2006, but have been separated since August or

---

[1] In the Indictment, the alleged victim is referred to as "J.N." Apparently, J.E. and J.N are the same person.

September, 2008. SA Hunt testified that J.E. told authorities that Defendant had been physically and verbally abusive prior to their separation, and that his threats had escalated since the parties separated. J.E. described the vehicle that Defendant would be driving and the route which he would likely take.

Law enforcement authorities were able to locate Defendant on the road between his house in Winneshiek County, Iowa, and J.E.'s house in Minnesota. Authorities conducted a "felony traffic stop." When Defendant exited the vehicle, he had a knife on his belt and a loaded handgun in his pants pocket. There were two rifles on the front passenger seat of the vehicle. One of the rifles was loaded, and the other had its clip removed but had a round in the chamber. Defendant had additional ammunition on his person and in the car. A search of Defendant's trunk revealed another rifle and more knives.

Defendant was arrested at the scene of the traffic stop and transported to jail. After being *Mirandized*, Defendant admitted that he was traveling to see J.E. but denied making any threats. Defendant told authorities that the guns "were in case" J.E.'s boyfriend would not let Defendant visit with J.E.'s 10-year old son with whom Defendant had a relationship. When a deputy told Defendant that they would likely confiscate his weapons, Defendant made threats toward the law enforcement officers. During a subsequent investigation, J.E. told authorities that Defendant told her that since he no longer could have contact with J.E.'s 10-year old son, he "had no reason to live." Defendant told J.E. that he wanted to die in a shootout with police.

A search warrant executed at Defendant's home resulted in approximately 100 firearms being seized. Explosive devices found during the search were destroyed on site by the State Fire Marshal. Powder, fusing, and other materials used to make explosive devises were also found at Defendant's rural residence.

According to the Pretrial Services Report, Defendant is 61-years old and has lived

in the Northeast Iowa area his entire life. Defendant was married from 1969 to 1976 and has three adult children from that relationship. Defendant married J.E. in 2006, but they had "been together" for nine years prior to their separation in September 2008. No children were born to the marriage, but J.E. has a daughter (age 16) and a son (age 10) from a prior relationship.

Defendant has been employed as a "flagger" at road construction sites for the past seven years. Defendant denies abusing alcohol or using any controlled substances. Defendant takes medication, however, for irritable bowel syndrome, headaches, and back pain. He also takes medication for depression and has been treated for post-traumatic stress disorder.

Defendant has only a limited prior criminal history. In 1965, Defendant was convicted of possession of fireworks and larceny. In 1985, he was convicted of theft in the third degree. In 2000, Defendant was convicted of carrying weapons.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Acts of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the Government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or

combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with interstate stalking, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Killing*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant;

4

(3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with intestate stalking, in violation of 18 U.S.C. § 2261A(2)(A). In addition to J.E.'s testimony that Defendant threatened to kill her and others over the telephone, there is evidence that Defendant was traveling to J.E.'s house with a loaded handgun on his person and additional weapons and ammunition in his car. Defendant previously told J.E. that he wanted to die in a shootout with police. After being arrested and told that his guns would be confiscated, Defendant made similar threats. A search of Defendant's residence revealed approximately 100 weapons and multiple explosive devises. The Court concludes that Defendant's release prior to trial would constitute a substantial danger to J.E. and the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDERED

**IT IS THEREFORE ORDERED** as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (July 10, 2009) to the filing of this Ruling (July 13, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

**DATED** this 13th day of July, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA