IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT ANTHONY NEUZIL,<br><br>Defendant. | No. CR09-2020<br><br>REPORT AND RECOMMENDATION |

On the 20th day of August 2010, this matter came on for hearing on the Writ of Execution (docket number 58) filed on May 18, 2010. The Government was represented by Assistant United States Attorney Martin J. McLaughlin. Defendant is in the custody of the Bureau of Prisons and, therefore, appeared telephonically. Defendant's counsel, Roger L. Sutton, appeared personally at the hearing.

## I. PROCEDURAL HISTORY

On May 11, 2010, Defendant was sentenced to serve 120 months of imprisonment following his guilty plea to three counts of possession of an unregistered firearm. Defendant was also ordered to pay a fine in the amount of $5,000, plus a $300 special assessment. *See* docket number 55. Defendant was subsequently ordered to reimburse the Department of Treasury in the amount of $9,700 for the cost of his legal representation, plus $800 for expert fees. *See* docket number 76.

On May 18, 2010, the Government filed an Application for Writ of Execution (docket number 57) directed to the United States Marshal. The Government asked that it be permitted to execute upon a coin collection seized from Defendant on April 5, 2010, as itemized on Government's Exhibit A attached to the application. *See* docket

1

number 57-1. Pursuant to the Government's request, the Clerk of Court issued a Writ of Execution (docket number 58) and provided notice to Defendant (docket number 58-1).

On May 25, 2010, Defendant timely filed a Request for Hearing (docket number 65). Similarly, on July 28, 2010, the Government filed a Motion for Hearing (docket number 77). The Court then set the writ of execution for hearing, and appointed attorney Roger Sutton to represent Defendant. *See* docket number 80.

## *II. ISSUE PRESENTED*

At the time of hearing, counsel agreed that a resolution of this dispute requires the Court to address two issues: First, the Court must determine whether the exemptions available to Defendant are those found in Iowa Code section 627.6 or in Title 26 U.S.C. section 6334(a). Second, the Court must determine whether Defendant's coin collection falls within the applicable exemptions.

## *III. RELEVANT FACTS*

Defendant claims that he is in the business of coin collecting, and his coin collection constitutes "tools of the trade." When asked by his attorney if he was in the "business of buying and selling coins," Defendant testified "once in a while" and "at times." According to Defendant, he "mostly" bought coins, but also sold coins "when the occasion arose." Defendant acknowledged that he "never really kept records" on his sales and did not know how much money he may have earned selling coins. There is no evidence that Defendant ever filed a tax return claiming that he was in the business of buying and selling coins.

## *IV. DISCUSSION*

### *A. Are the Exemptions Available to Defendant Governed by Federal Law or State Law?*

18 U.S.C. § 3613 "governs the civil remedies the United States may use to recover an unpaid criminal fine." *Sumlin v. U.S. Dept. of Treasury*, 2009 WL 212165 at *1 (E.D. Mo. 2009). Section 3613(a) provides in pertinent part:

> (a) Enforcement.--The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that--
>> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
>> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law or State law[.]

18 U.S.C. § 3613.

In accordance with § 3613, the Government sought enforcement of the judgment imposing a fine against Defendant through a writ of execution against Defendant's coin collection. See 28 U.S.C. §§ 3202 and 3203.[1] At the hearing, Defendant stipulated that the Government complied with the statutory requirements associated with a writ of execution as provided in § 3203. Defendant and the Government disagree as to whether the property sought in the writ, Defendant's coin collection, is exempt under state or federal law.

Defendant argues that the available exemptions are governed by Iowa Code section 627.6. Specifically, Defendant argues that "28 U.S.C. § 3203 allows execution to the extent such property is not subject to exemption under the law of the State in which it is located. Iowa law pursuant to Iowa Code § 627.6 allows a person to exempt up to

---

[1] 28 U.S.C. § 3202(a) provides that "[a] judgment may be enforced by any of the remedies set forth in this subchapter." 28 U.S.C. § 3203 provides the procedures for execution. § 3202(a) states that "[a]ll property in which the judgment debtor has a substantial nonexempt interest shall be subject to levy pursuant to a writ of execution." 28 U.S.C. § 3203(b)-(h) explain the mechanics of a writ of execution.

$10,000.00 for value of a persons tools of trade."[2] The Government argues that Iowa Code section 627.6 is inapplicable in this case. The Government maintains that 18 U.S.C. § 3613(a)(1) provides the only exemptions to enforcement of the judgment in this matter.

In *United States v. Rice*, 196 F. Supp.2d 1196 (N.D. Okla. 2002), the United States District Court for the Northern District of Oklahoma thoroughly examined 18 U.S.C. § 3613. The district court found that "[t]he language of § 3613 and its legislative history make it clear that the government may enforce a criminal fine rendered in its favor against all of the Defendant's property except that property which would be exempt from a levy for the payment of federal income taxes." *Id.* at 1199. The district court pointed out that "Congress specifically provided that certain property which is exempt from levy for taxes is exempt from execution for payment of a criminal fine." *Id.*; *see also* 18 U.S.C. 3613(a)(1) (providing certain exemptions under § 6334(a) of the Internal Revenue Code). The district court also noted that § 3613(a)(2) provides that the exemptions in 28 U.S.C. § 3014, which apply the exemptions under either § 522(d) of the bankruptcy code or the law of the debtor's domicile, and are ordinarily available to debtors in enforcement actions by the government, "are not available in criminal cases." *Id.* The court in *Rice* concluded that "the only property exempt from execution for a criminal fine is that property in § 3613(a)(1), which is a subset of that property exempted from levy for the collection of income taxes under 26 U.S.C. § 6334(a)."[3] *Id.* Accordingly, the Court determines that

---

[2] *See* Defendant's Brief in Support of Resistance to Application for Writ of Execution Filed by United States of America (docket number 82) at 2.

[3] The court in *Rice* also refers to legislative history, where the drafters of § 3613 stated:
> Proposed 18 U.S.C. § 3613 establishes the procedure by which the Attorney General is to make collection of unpaid fines. This section significantly improves current practices by providing a federal collection procedure independent of state laws and patterned on the collection procedures utilized so

(continued...)

4

the exemptions available to Defendant are those found in 26 U.S.C. § 6334(a). *See Id.* at 1199-1200; 18 U.S.C. § 3613(a)(1).

### B. Is Defendant's Coin Collection Exempt under 26 U.S.C. § 6334(a)(3) as Tools of a Trade?

Defendant and the Government agree that the only applicable exemption for Defendant's coin collection is the "tools of a trade" exemption. Under federal law, the "tools of a trade" exemption applicable in this case is found at 26 U.S.C. § 6334(a)(3). Section 6334(a)(3) provides that:

> (a) Enumeration.--There shall be exempt from levy--
>
> . . .
>
> **(3) Books and tools of a trade, business, or profession.**--So many of the books and tools necessary for the trade, business, or profession of the taxpayer as do not exceed in the aggregate $3,125 in value[.]

*Id.*

Defendant offers no argument as to whether Defendant's coin collection is exempt under 26 U.S.C. § 6334(a)(3) as tools of the trade. Instead, Defendant's brief only considers whether Defendant's coin collection is exempt under Iowa Code § 627.6 as tools of the trade. The Court notes that in regard to the Iowa exemption, Defendant merely provides a conclusory argument that he "testified he collected coins and from time to time engaged in trading coins for profit. These coins would have met the tools of trade test."[4] Defendant offers no authority on the issue of whether Defendant's coin collection constitutes "tools of a trade."

---

[3](...continued)
        successfully over the years by the Internal Revenue Service.

196 F. Supp.2d at 1199-1200 (quoting 1984 U.S.C.C.A.N. at 3318-19). The district court further noted that "[t]he drafters also recognized that the exemptions in § 3613(a)(1) are 'limited,' and the government would no longer be subject to the 'greater and more varied number of exceptions provided for in state laws. . . .'" *Id.* at 1200 (quotation omitted).

[4] *See* Defendant's Brief at 2.

5

The Government points out that there is "little case law as to what consideration should be made in determining what constitutes 'tools of a trade' in the context of Title 18 and Title 26."[5] The Government directs the Court to *In re LaFond*, 791 F.2d 623 (8th Cir. 1986). In *LaFond*, the Eighth Circuit Court of Appeals considered what qualified as "tools of the trade" in a lien avoidance motion under 11 U.S.C. § 522(f). Section 522 covers exemptions under the Bankruptcy Code. Section 522(f)(1)(B)(ii) provides an exemption for "implements, professional books, or tools of the trade of the debtor or the trade of dependent of the debtor," which is analogous to the "tools of a trade" exemption in § 6334(a)(3). The Eighth Circuit determined that when considering whether an item constitutes a "tool of the trade," courts should consider (1) the intensity of a debtor's past occupational activities; (2) the sincerity of his or her intentions to continue such activities; and (3) evidence that the debtor is "legitimately engaged in a trade which currently and regularly uses the specific implements or tools exempted[.]" *LaFond*, 791 F.3d at 626 (citing *Middleton v. Farmers State Bank of Fosston*, 41 B.R. 953, 955 (D. Minn. 1984); *In re Yoder*, 32 B.R. 777 (Bankr. W.D. Pa. 1983)).

Here, the record shows that when asked by his attorney if he was in the coin collecting business, Defendant testified "once in a while" and "at times." According to Defendant, he "mostly" bought coins, but also sold coins "when the occasion arose." Defendant acknowledged that he "didn't keep records" on his sales and did not know how much money he may have earned selling coins. There is no evidence that Defendant ever filed a tax return claiming that he was in the business of buying and selling coins. Applying the *LaFond* test, the Court finds little evidence to suggest that Defendant was "legitimately engaged" in the coin collecting business. The undisputed evidence established that Defendant's coin collecting was a mere hobby. Moreover, even *if* Defendant was in the coin collecting business, the Court concludes that the coins

---

[5] *See* Government's Brief in Support of Denial of Objection to Execution and Claim of Exemptions (docket number 83) at 5.

themselves are not "tools of the trade." Rather, they are in the nature of inventory. Therefore, the Court concludes that Defendant's coin collection is not exempt as "tools of a trade."

### C. Defendant's Additional Argument

In his brief, Defendant argues that the Government's Application for a Writ of Execution (docket number 57) is contrary to the District Court's Judgment and Sentence. Specifically, Defendant argues that:

> No where [*sic*] in the Application does the United States of America request modification of Judge Linda Reade's Judgment and Sentence to allow collection against personal property of the defendant pursuant to 28 U.S.C. [§] 3203(c)(1). The issue of collection outside the Judgment and Sentence of Judge Linda Reade is rendered moot, collection is not available.
>
> The United States of America should not be able to collect a Judgment when a District Court Order exists as to the method of payment. This is a direct violation of the Defendant's right to a hearing as the issue of how his payment of fines, assessment, attorney fees, or expert fees have been established.

*See* Defendant's Brief at 2. Defendant did not raise the argument at the hearing, and it was not briefed by the Government.

Defendant's argument is without merit for several reasons: (1) Defendant offers no authority to support his position; (2) Defendant failed to raise this issue at the hearing; (3) Defendant stipulated at the hearing that the Government properly executed the writ; and (4) the Judgment entered by the District Court in no way limits the manner in which the Government may attempt to collect on a criminal judgment, including by a writ of execution. The Judgment simply provides for a method of payment while a defendant is incarcerated. Moreover, the Government is authorized by 18 U.S.C. § 3613 to enforce a judgment imposing a criminal fine through the procedures set forth in 28 U.S.C. §§ 3202

and 3203. Accordingly, the Court finds the initial argument in Defendant's Brief to be without merit.

## V. RECOMMENDATION

For the reasons set forth above, it is respectfully **RECOMMENDED** that the district court **DENY** Defendant's objection to the execution on his coin collection.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court. *The parties are reminded that pursuant to Local Rule 72.1, "[a] party asserting such objections must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections." Accordingly, if the parties are going to object to this Report and Recommendation, they must promptly order a transcript of the hearing held on August 20, 2010.*

DATED this 1st day of October, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA